# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DON KARL JURAVIN,**

       **Plaintiff,**

v.                                                                                  Case No: 5:24-cv-618-PGB-PRL

**CARY F. RADA, DAN R MOSLEY
and LAKE COUNTY,**

       **Defendants.**
_____/

## ORDER

This cause is before the Court on Plaintiff Don Karl Juravin's ("**Plaintiff**" or "**Juravin**") Motion for Preliminary Injunctive Relief (Doc. 26 (the "**Motion**")) and Notice of Filing Exhibits in support thereof (Doc. 27 (the "**Notice**")). The Court does not deem a response to the Motion by Defendants Judge Cary F. Rada ("**Judge Rada**"), Judge Dan R. Mosley ("**Judge Mosley**"), or Lake County (collectively, "**Defendants**") necessary.[1] Upon consideration, the Motion is due to be denied.

---

[1] "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981). The Court notes that all three Defendants have appeared in the case and therefore have notice of the Motion, which has been electronically filed by Plaintiff using the Court's Case Management/ Electronic Case Files (CM/ECF) system. (*See* Docs. 8, 9); Local Rule 6.02(b).

I.  **BACKGROUND**

Plaintiff, proceeding *pro se*, brings this action against Judge Rada and Judge Mosley (collectively, the "**Judicial Defendants**")—two state court judges serving in the Fifth Judicial Circuit for Lake County, Florida—and Defendant Lake County. (Doc. 1 (the "**Complaint**")). In the Complaint, Plaintiff avers that "a pattern of judicial bias, procedural misconduct, and systemic failures in Lake County's judiciary have deprived him of fundamental constitutional rights." (*Id.* at p. 1). Specifically, Plaintiff asserts that the Judicial Defendants have exhibited bias against Plaintiff and have engaged in misconduct while presiding over multiple state court matters to which Plaintiff has been, or is currently, a party.[2] (*Id.* ¶¶ 2–3). Plaintiff likewise avers that Defendant Lake County "failed to adequately address the systemic judicial misconduct and procedural irregularities that have occurred in cases involving Plaintiff." (*Id.* ¶ 4).

Plaintiff thus brings four counts against Defendants in the Complaint, including for: (1) violation of his Fourteenth Amendment Due Process Rights

---

[2] The Complaint is not a picture of clarity as to the exact number and type(s) of cases that the Judicial Defendants have presided over wherein Plaintiff was a party. (*See generally* Doc. 1). Plaintiff's allegations regarding Judge Rada appear to concern Judge Rada's legal rulings in a minimum of two matters, with at least one case being closed. (*Id.* ¶¶ 7—16). First, Plaintiff cites myriad rulings by Judge Rada in a case wherein Plaintiff accuses Judge Rada of exhibiting a "pattern of bias favoring Dwight Schar and his associates, including PSR Developers LLLP." (*See id.* ¶¶ 7—13). For example, Plaintiff cites Judge Rada's entry of summary judgment in favor of PSR Developers LLLP despite the existence of pending counterclaims and Judge Rada's ruling striking Plaintiff's demand for a jury trial. (*Id.* ¶¶ 9, 11). Plaintiff also appears to reference a separate action wherein Plaintiff alleges Judge Rada approved of the foreclosure sale of Plaintiff's home "at a price significantly below its market value . . . ." (*Id.* ¶ 15). As for Judge Mosley, Plaintiff cites to purportedly biased legal rulings in at least one active matter and several closed matters. (*See id.* ¶¶ 17–29). Plaintiff's allegations concerning one active matter before Judge Mosley are described in more detail *infra*.

under the Federal Constitution; (2) violation of his right to access the courts under the Florida Constitution; (3) abuse of process; and (4) violation of his First Amendment rights under the Federal Constitution.³ (*Id.* ¶¶ 33–42). Through the action, Plaintiff seeks declaratory relief, compensatory damages, punitive damages, and attorney's fees and costs. (*Id.* at p. 15).

Now, in the Motion, Plaintiff asks the Court to "enjoin[] Judge Dan R. Mosley from presiding over Plaintiff's state court cases and stay[] enforcement of orders threatening Plaintiff's liberty." (Doc. 26, p. 1). The exhibits Plaintiff provides in the Notice each appear to concern a single civil action before Judge Mosley, Case No. 2017-CA-0667 (the "**active civil case**"). (*See generally* Docs. 27, 27-1). In the active civil case, plaintiff business entities bring causes of action against Juravin for libel and for tortious interference with business relationships. (Doc. 27-1, p. 1). In the Motion and the related Notice, Plaintiff cites to specific examples of Judge Mosley's rulings in the active civil case that, according to Plaintiff, demonstrate Judge Mosley's bias and misconduct.⁴ (Doc. 26, pp. 2–3; Doc. 27, pp. 2–3).

---

3   Relevant to this count, Plaintiff alleges that "Defendants, particularly Judge Rada, violated Plaintiff's First Amendment right to the free exercise of religion by allowing unmonitored inspections of Plaintiff's home." (Doc. 1, ¶ 42). Plaintiff avers his home "housed religious artifacts and was the headquarters for nonprofit religious organizations, including a ministry, and Plaintiff's religious freedoms were [thus] undermined by these improper inspections and judicial bias." (*Id.*)

4   More precisely, Plaintiff cites Judge Mosley's denial of Plaintiff's motion to disqualify or recuse Judge Mosely from the case; Judge Mosley's denial of a request for a stay in the case when Plaintiff's insurer became insolvent; Judge Mosley's denial of Plaintiff's request to file a permissive counterclaim; Judge Mosley's issuance of two purportedly conflicting contempt

3

## II. LEGAL STANDARD

"[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to each of the four prerequisites" showing entitlement to this remedy. *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (per curiam) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)). The four (4) prerequisites that Plaintiff must establish are: (1) a substantial likelihood of success on the merits of the underlying case; (2) irreparable harm in the absence of an injunction; (3) that the harm suffered by Plaintiff in the absence of an injunction would exceed the harm suffered by Defendant if the injunction issued; and (4) that an injunction would not disserve the public interest. *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246–47 (11th Cir. 2002); *Miccosukee Tribe of Indians of Fla. v. United States,* 571 F. Supp. 2d 1280, 1283 (S.D. Fla. 2008).

Thus, while the decision to grant or deny a preliminary injunction rests in the discretion of the district court, the court does not have unbridled discretion. *Canal Auth. of the State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). Instead, the court must exercise its discretion based on "the four prerequisites for the extraordinary relief of preliminary injunction." *Id*. (internal quotation marks

---

Orders against Plaintiff wherein Judge Mosely imposed jail sentences; and Judge Mosley's denial of Plaintiff's request to dissolve or modify an injunction. (*E.g.*, Doc. 27, pp. 2–3).

4

and citation omitted). Ultimately, issuing a preliminary injunction should be "the exception rather than the rule." *Siegel*, 234 F.3d at 1176.

## III. DISCUSSION

### A. Request for a Hearing

First, Plaintiff's request for a hearing on the Motion to present evidence and oral argument is due to be denied.[5] A district court must hold an evidentiary hearing on a motion for preliminary injunction where the facts that underlie the motion are "bitterly disputed" and the Court's resolution of the motion thus turns upon credibility determinations. *McDonald's Corp.*, 147 F.3d at 1311–12 (quotation omitted). Simply put, the Court finds that its resolution of the Motion does not turn upon such credibility determinations here.[6] *See id.*

---

[5] Although the Court rules on this request, it also notes that the request violates Local Rule 3.01(h), which states that "[a] party must request oral argument or an evidentiary hearing in a separate document accompanying the party's motion or response and stating the time necessary." It is true that "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, *pro se* parties must comply with the minimum pleading standards set forth in the Federal Rules of Civil Procedure and must comply with the Local Rules. *Nawab v. LVNV Funding LLC*, No. 5:12-cv-129-Oc-10PRL, 2012 WL 12918283, at *1 (M.D. Fla. Nov. 19, 2012); *see also Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."). Accordingly, Plaintiff is cautioned that future filings must comply with all applicable rules and law or are subject to being stricken.

[6] Indeed, the Court finds that, even accepting as true Plaintiff's allegations and his arguments in the Motion, the Court must deny the requested relief for the reasons stated *infra*.

## B.     Request for a Preliminary Injunction

Ultimately, Plaintiff fails to establish his entitlement to the "extraordinary and drastic remedy" of a preliminary injunction.[7] *Siegel*, 234 F.3d at 1176. At a minimum, Plaintiff fails to "clearly establish[] the 'burden of persuasion'" as to the first prerequisite for obtaining such relief, which requires him to show he has "a substantial likelihood of success on the merits of the underlying case." *Id.*; *Johnson & Johnson*, 299 F.3d at 1246–47.

In general, absolute judicial immunity "applies to a judge who dealt with the plaintiff in a judicial capacity and did not act in the 'clear absence of all jurisdiction.'" *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001) (per curiam) (quoting *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986)). Judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam). Courts look to several factors to determine whether a judge's actions were made while acting in his judicial capacity: "(1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (per curiam).

---

[7] The Court notes that the Motion fails to comply with Local Rules 6.01(a)(6) and 6.02(a), as it fails to include a proposed order. In any event, because the Court denies the Motion on the merits, a proposed order granting the motion is not necessary.

Of note, in the Complaint, Plaintiff expressly "acknowledges" that there is "broad immunity" for judicial acts "under current legal doctrine." (Doc. 1, p. 2). Thus, the allegations in Plaintiff's Complaint are premised entirely upon Plaintiff's desire to "challenge this legal precedent." (*Id.*). Further, in his Motion, in support of his likelihood of success on the merits of his claims, Plaintiff states only the following:

> The evidence of judicial bias, procedural irregularities, and the inconsistent enforcement of incarceration orders supports Plaintiff's likelihood of success on his due process claims. Judicial impartiality is a cornerstone of the legal system, and bias violates fundamental constitutional principles. See *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 877 (2009).

(Doc. 26, p. 5). In other words, in the Complaint, Plaintiff appears to acknowledge that his claims are barred by the doctrine of judicial immunity, and in the Motion, he fails to argue or otherwise establish why such immunity does not apply here.[8] (*See* Doc. 1, p. 2; *see* Doc. 26). For example, Plaintiff does not contest that the Judicial Defendants were acting in their judicial capacity in handing down the subject rulings. (*See* Doc. 26, p. 5). Similarly, Plaintiff does not argue that the Judicial Defendants were acting in the absence of all jurisdiction. (*See id.*). Plaintiff also fails to address or otherwise support the notion that a county may be held liable for such judicial acts. (*Id.*).

---

[8] The Court notes that, although Plaintiff's citation to *Caperton* does support the principle that litigants are entitled to an impartial and fair tribunal, *Caperton* does not concern the doctrine of judicial immunity. (Doc. 26, p. 5); 556 U.S. at 872. In *Caperton*, the United States Supreme Court held that a state appellate judge had erred in denying a litigant's motion for recusal, and it reversed this decision. *See* 556 U.S. at 872, 890. Importantly, however, the Court did not hold that the litigant could sue the judge for his bias or for making this erroneous decision. *See id.*

Further, the Court finds that its own review of the allegations in the Complaint and the evidence cited in the Motion does not clearly support that the Judicial Defendants acted without jurisdiction. (*See generally* Docs. 1, 26, 27, 27-1). Moreover, each act taken by the Judicial Defendants appears to have been a judicial function in a case involving Plaintiff. Simply stated, the Judicial Defendants' challenged actions look to have been part of the normal judicial process. Under the circumstances, the Court cannot find that Plaintiff has clearly established a likelihood of succeeding on the merits of his claims. *See Siegel,* 234 F.3d at 1176; *Johnson & Johnson*, 299 F.3d at 1246–47. Consequently, the Court need not address the remainder of Plaintiff's Motion. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005) ("The first of the four prerequisites to [] injunctive relief is generally the most important." (citation omitted)).

### IV. CONCLUSION

As a result of the foregoing, the Motion for Preliminary Injunction (Doc. 26) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on January 30, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

8