UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DON KARL JURAVIN,**

    **Plaintiff,**

v.                                                             **Case No: 5:24-cv-618-PGB-PRL**

**JUDGE CARY F. RADA, JUDGE DAN R MOSLEY, and LAKE COUNTY,**

    **Defendants.**

## ORDER

This cause comes before the Court on a Motion for Protective Order and Motion to Stay Discovery filed by Defendants Judge Cary F. Rada and Judge Dan R. Mosley (collectively, the "Judicial Defendants"). (Doc. 47). The Judicial Defendants move for an order staying discovery and protecting them from all discovery obligations pending a resolution on their motion to dismiss (Doc. 20). (Doc. 47 at p. 4). Plaintiff opposes the motion, arguing in a conclusory fashion that a stay of discovery would be prejudicial to him and that discovery is necessary to determine whether the Judicial Defendants acted outside their authority. (Doc. 51).[1] Upon consideration, the Judicial Defendants' Motion for Protective Order and Motion to Stay Discovery is due to be granted.

---

[1] The Court notes that Plaintiff's filed response in opposition to the motion is untimely, as it was filed after the May 26, 2025 response deadline that the Court provided to the Plaintiff on May 20, 2025 (Doc. 49). *See* M.D. Fla. Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). However, in this instance and in the interest of judicial efficiency, the Court will allow the *pro se* Plaintiff's untimely response to stand and has considered it herein. That said, Plaintiff is cautioned that he must abide by the applicable Local Rules, Court Orders, and Federal Rules of Civil Procedure. Failure to do so in the future may result in the striking of filings and/or imposition of sanctions.

I.    LEGAL STANDARDS

As a general matter, courts maintain broad discretion in managing discovery matters, including staying discovery. *See Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002) (citations omitted); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion.") (citations omitted). In exercising this discretion, a court is permitted to stay discovery pursuant to Federal Rule of Civil Procedure 26(c) if the movant shows "good cause and reasonableness." *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citation omitted); Fed. R. Civ. P. 26(c) (permitting courts for good cause to limit, prevent, or stay discovery to protect a party from annoyance, embarrassment, oppression, undue burden, or expense and to promote a case's efficient resolution); *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) ("'Good cause' is a well[-]established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action.").

"In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman*, 176 F.R.D. at 652. Therefore, in making this determination, the Court must "take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *See id.* at 652-53 (internal quotations omitted).

Where a pending motion, such as a motion to dismiss, may dispose of the entire action, granting a stay of discovery may be justified. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim . . . , such

as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins.") (internal footnote omitted). Courts may issue an order staying discovery and protecting a party from discovery obligations pending resolution of a motion to dismiss that raises threshold questions of immunity. *See, e.g.*, *Allston v. Fla. Dep't of Revenue*, No. 6:24-cv-1085-CEM-DCI, 2024 WL 4905428, at *1-2 (M.D. Fla. Nov. 27, 2024) (granting defendants' motion for protective order and motion to stay discovery pending resolution of a motion to dismiss that raised issues of immunity because, despite recommending *pro se* plaintiff be given an opportunity to amend, such "issues raised in the motion to dismiss may be truly case dispositive—especially as to certain defendants and claims"); *Sheets v. Bell*, No. 2:23-cv-35-JLB-KCD, 2023 WL 11724680, at *1-2 (M.D. Fla. Mar. 17, 2023) (granting defendant's motion for protective order, staying discovery pending resolution of a motion to dismiss that raised issues of immunity, including judicial immunity); *Saito v. Collier Cnty. Mun. Corp.*, No. 2:22-cv-740-JLB-KCD, 2023 WL 2305965, at *1-2 (M.D. Fla. Mar. 1, 2023) (granting a stay of discovery pending resolution of defendants' motions to dismiss that raised issues of immunity, including judicial immunity); *Torres v. Zingale*, No. 6:22-cv-1298-WWB-LHP, 2023 WL 7000943, at *1-2 (M.D. Fla. Oct. 24, 2023) (granting a stay of discovery pending resolution of defendants' motion to dismiss that sought to dismiss the complaint on immunity grounds and as a shotgun pleading); *McClamma v. Remon*, No. 8:12-cv-2557-T-33MAP, 2013 WL 1502190, at *2 (M.D. Fla. Apr. 12, 2013) (granting stay of discovery pending resolution of a motion to dismiss that raised questions of immunity).

**II.   DISCUSSION**

In this instance, the Court has done more than take a "preliminary peek" at the Judicial Defendants' motion to dismiss. The undersigned has issued a report and recommendation, recommending that the motion to dismiss (Doc. 20) be granted in part, to the extent that Plaintiff's claims in the complaint asserted against the Judicial Defendants are barred by judicial immunity, and that Plaintiff's complaint (Doc. 1) be dismissed without prejudice. (Doc. 50). Although the undersigned recommended that Plaintiff, who is proceeding *pro se*, be given an opportunity to amend, the undersigned noted that the issues raised in the Judicial Defendants' motion to dismiss (including the issue of judicial immunity) may be truly case dispositive. (*See id*. at pp. 10-16, 20-27, 29).

In weighing the harm produced by delaying discovery against the possibility that the motion to dismiss will be granted, the balance weighs in favor of staying discovery. As the Judicial Defendants point out, allowing discovery to proceed in this action would subject officials, such as state judges, "to traditional discovery concerning acts for which they are likely immune would undercut the protection immunity was meant to afford." (Doc. 47 at pp. 3-4) (quoting *Redford v. Gwinnett Cnty. Jud. Cir.*, 350 F. App'x 341, 346 (11th Cir. 2009)); *see Sheets*, 2023 WL 11724680, at *1 ("[T]he Eleventh Circuit has repeatedly recognized that claims of immunity often call for protection from discovery on the grounds that subjecting officials to traditional discovery concerning acts for which they are likely immune would undercut the protection immunity was meant to afford.") (collecting cases). Other than conclusory references to prejudice, Plaintiff fails to sufficiently explain any specific harm or prejudice that will occur should a brief stay of discovery be granted while the Court resolves the motion to dismiss. Like other courts in this district have reasoned, Plaintiff's arguments

regarding the need to conduct discovery pending resolution on the motion to dismiss that raises issues of immunity "do[ ] not sway the Court to break step with the Eleventh Circuit." *See Sheets*, 2023 WL 11724680, at *2; *Saito*, 2023 WL 2305965, at *2.

### III.   CONCLUSION

Accordingly, it is **ORDERED** that:

(1) Defendants Judge Rada and Judge Mosley's Motion for Protective Order and Motion to Stay Discovery (Doc. 47) is **GRANTED**.

(2) All discovery in this matter is stayed pending the Court's resolution on the motion to dismiss (Doc. 20; *see* Doc. 50).

**DONE** and **ORDERED** in Ocala, Florida on May 30, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party