UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DON KARL JURAVIN,**

    **Plaintiff,**

v.                                       Case No: 5:24-cv-618-PGB-PRL

**JUDGE CARY F. RADA, JUDGE DAN R MOSLEY, and LAKE COUNTY,**

    **Defendants.**

## ORDER

This cause comes before the Court on the *pro se* Plaintiff's Motion for Reconsideration of Order Staying Discovery. (Doc. 53). In the motion, Plaintiff seeks reconsideration of the Court's May 30, 2025 Order (Doc. 52), in which it granted Defendants Judge Rada and Judge Mosley's Motion for Protective Order and Motion to Stay Discovery, staying discovery pending the Court's resolution on their motion to dismiss (Doc. 20; *see* Doc. 50). (Doc. 53 at pp. 1, 3). Plaintiff's motion for reconsideration contests the Court's observation that Plaintiff's response to the Motion for Protective Order and Motion to Stay Discovery was untimely filed on May 27, 2025—one day after the Court's established response deadline of May 26, 2025, which fell on a holiday. (Doc. 53 at p. 2). While the deadline for responding has not yet expired, *see* Local Rule 3.01(c), the undersigned does not require a response to resolve Plaintiff's motion for reconsideration, as it is due to be **denied**.

I. **BACKGROUND**

Plaintiff initiated this action by filing a complaint against Judge Rada and Judge Mosley ("Judicial Defendants")—two state court judges serving in the Lake County Circuit Court, who, at various times, were assigned to Plaintiff's state court cases—and Lake County (collectively, the "Defendants"). (Doc. 1). Plaintiff filed a four-count complaint against Defendants, attempting to assert claims for (1) a violation of his due process rights under the Fourteenth Amendment (Count I); (2) a violation of his right to access the courts under the Florida Constitution (Count II); (3) abuse of process (Count III); and (4) a violation of his First Amendment right to the free exercise of religion (Count IV). (*Id.* at ¶¶ 33-42). Defendants filed motions to dismiss, seeking to dismiss Plaintiff's complaint with prejudice. (Docs. 8 & 20).

On May 14, 2025, the Judicial Defendants filed a Motion for Protective Order and Motion to Stay Discovery, requesting an order staying discovery and protecting them from all discovery obligations pending a resolution on their motion to dismiss (Doc. 20). (Doc. 47). On May 20, 2025, the Court directed Plaintiff to file a response, if any, to the Judicial Defendants' Motion for Protective Order and Motion to Stay Discovery on or before Monday, May 26, 2025. (Doc. 49). Plaintiff filed a response in opposition to the Judicial Defendants' motion on Tuesday, May 27, 2025. (Doc. 51). That same day, May 27, 2025, the undersigned issued a report and recommendation on Defendants' motions to dismiss. (Doc. 50).

On May 30, 2025, the Court granted the Judicial Defendants' Motion for Protective Order and Motion to Stay Discovery, staying discovery pending the Court's resolution on their motion to dismiss (Doc. 20; *see* Doc. 50). (Doc. 52). In a footnote in that Order, the

Court noted that Plaintiff's response filed in opposition to the Judicial Defendants' motion was untimely because "it was filed after the May 26, 2025 response deadline that the Court provided to the Plaintiff on May 20, 2025[.]" (Doc. 52 at p. 1 n.1) (citations omitted). The Court went on to add, however, that despite Plaintiff's untimely response, "in this instance and in the interest of judicial efficiency, the Court will *allow* the *pro se* Plaintiff's untimely response to stand and *has considered it herein*." (*Id*.) (emphasis added).

Plaintiff now moves for reconsideration of the Court's May 30, 2025 Order "on the grounds that the Order relies on a clear error of law regarding the timeliness of Plaintiff's opposition" filed on May 27, 2025. (Doc. 53 at p. 1). Plaintiff argues that his response filed in opposition to the Judicial Defendants' Motion for Protective Order and Motion to Stay Discovery on May 27, 2025 is timely because, pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), the applicable May 26, 2025 response deadline extended to the next day—May 27, 2025—since the response deadline fell on a holiday, namely Memorial Day. (*Id*. at pp. 1-2).[1]

---

[1] Notably, about one week after the undersigned issued the report and recommendation and one day after Plaintiff filed the motion for reconsideration, the Court entered a Vexatious Litigant Order in *Juravin, et al. v. Bella Collina Property Owner's Ass'n., Inc., et al. (In re Don Karl Juravin)*, No. 5:24-cv-597-GAP, at doc. 64 (M.D. Fla. June 5, 2025), which restricts Mr. Juravin from filing a pleading to open a new case *pro se* in any division of this Court. In that Order, the Court recognized that Mr. Juravin has a penchant for filing frivolous lawsuits *pro se* throughout the Middle District of Florida, including recently, and several that tangentially relate to his bankruptcy proceeding. *See id*. at p. 2 (collecting cases). Consequently, any further pleading filed by Mr. Juravin in the Middle District of Florida will be assigned to and reviewed by District Judge Gregory A. Presnell and the senior magistrate judge in the division where the case is filed. *See id*. at pp. 4-5. The Clerk docketed the Vexatious Litigant Order entered against Mr. Juravin in this instant case on June 5, 2025. (Doc. 54).

## II.   LEGAL STANDARDS

"[R]econsideration is an extraordinary remedy, which is to be used sparingly." *Kidwell v. Charlotte Cnty. Sch. Bd.*, No. 2:07-cv-13-FTM-34SPC, 2007 WL 9718741, at *3 (M.D. Fla. Nov. 30, 2007) (citations omitted). Such a motion may arise under Rule 59(e) or Rule 60(b). *See* Fed. R. Civ. P. 59(e), 60(b).

A motion for reconsideration will only be granted upon a showing of the following: (1) an intervening change in law; (2) the discovery of new evidence which was not available at the time the Court rendered its decision; or (3) the need to correct clear error or manifest injustice. *See Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (citation omitted); *see also United States v. Battle*, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (indicating that "[a]n error is not 'clear and obvious' if the legal issues are 'at least arguable'") (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990) (cautioning "any litigant considering bringing a motion to reconsider based upon th[e] [third] ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant"). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Crox Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

Generally, to obtain reconsideration, the movant must demonstrate "why the court should reconsider its prior decision" and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *See Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D.

294, 295 (M.D. Fla. 1993). "A motion for reconsideration cannot be used to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment." *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks and citation omitted); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Indeed, a court "will not reconsider a previous ruling when the party's motion fails to raise new issues and, instead, only relitigates what has already been found lacking." *See Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999) (citation omitted); *Madura v. BAC Home Loans Servicing L.P.*, No. 8-11-cv-2511-T-33TBM, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (indicating that it is wholly inappropriate in a motion for reconsideration for a "party to vent dissatisfaction with the Court's reasoning") (citation omitted). In essence, motions for reconsideration may not "be used 'to raise arguments, which could and should have been made earlier.'" *See Bhogaita v. Altamonte Heights Condo. Assn., Inc.*, No. 6:11-cv-1637-ORL-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Lussier v. Dugger*, 904 F.3d 661, 667 (11th Cir. 1990)).

## III.   DISCUSSION

Plaintiff fails to demonstrate an adequate basis for reconsideration. In his motion for reconsideration, Plaintiff merely contests the Court's observation made in a footnote in its May 30, 2025 Order that his response was untimely since it was filed one day after the Court's established May 26, 2025 response deadline. While Plaintiff correctly notes that the May 26, 2025 deadline to respond to the Judicial Defendants' Motion for Protective Order and Motion to Stay Discovery fell on a holiday—namely, Memorial Day—the Eleventh Circuit has explained that a deadline set on a date certain does not automatically extend to the next day when the deadline falls on a holiday. *See Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir.

2018) (stating that Fed. R. Civ. P. 6 advisory committee's note to the 2009 amendment, "which provides that a deadline that falls on a legal holiday is automatically extended to the next day that is not a Saturday, Sunday, or legal holiday, *does not apply* when the district court sets a deadline on a date certain") (emphasis added).[2] As one court observed, "[e]ven if a court embraces a policy of not scheduling deadlines to fall on weekends or holidays, a general policy in setting deadlines is not a rule, and such a policy does not negate the plain language of a date-specific deadline or the application of the Federal Rules of Civil Procedure. Litigants proceed at their own peril when disregarding a date-specific deadline." *See Coal. For Good Governance v. Coffee Cnty. Bd. of Elections & Registration*, No. 5:23-mc-1, 2024 WL 1095752, at *2 (S.D. Ga. Mar. 13, 2024) (finding plaintiff's motion for sanctions filed one day after the applicable deadline of February 19, 2024, which fell on Washington's Birthday—a federal holiday—as untimely); *Destra*, 725 F. App'x at 859 (affirming the district court's striking of a summary judgment motion when the motion was filed one day after the deadline of January 16, 2017, which fell on Martin Luther King Jr.'s Birthday—a federal holiday—and the movant provided no explanation as to why the motion was filed late). Given Plaintiff's disregard of this Court's date-specific deadline, his lack of explanation as to why he was unable to meet that deadline, and the proper application of the Federal Rules of Civil

---

[2] More specifically, the advisory committee note to Rule 6 indicates that the "time-computation provisions of subdivision (a) [in Rule 6] apply only when a time period must be computed. They do not apply when a fixed time to act is set. The amendments thus carry forward the approach taken in *Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1016 (6th Cir. 2005) (holding that Civil Rule 6(a) 'does not apply to situations where the court has established a specific calendar day as a deadline')." *See* Fed. R. Civ. P. 6 Advisory Committee Notes (2009). Therefore, by way of example, if "the date for filing is 'no later than November 1, 2007,' subdivision (a) does not govern. But if a filing is required to be made 'within 10 days' or 'within 72 hours', subdivision (a) describes how that deadline is computed." *See id*.

Procedure, Plaintiff's argument that he had until May 27, 2025 to respond to the Judicial Defendants' motion is not well taken.

That said, the Court's May 30, 2025 Order was abundantly clear in that it "allow[ed] the *pro se* Plaintiff's untimely response to stand and ha[d] considered it" when ruling on the Judicial Defendants' Motion for Protective Order and Motion to Stay Discovery. (Doc. 52 at p. 1 n.1). That is because Plaintiff's response could not avoid the more basic problem that "[o]ther than [making] conclusory references to prejudice, [he] fail[ed] to sufficiently explain any specific harm or prejudice that w[ould] occur should a brief stay of discovery be granted while the Court resolves the motion to dismiss." (*Id*. at p. 4). As further explained in the Court's May 30, 2025 Order, Plaintiff's arguments concerning the need to conduct discovery pending resolution on a motion to dismiss filed by state court judges that raised the issue of judicial immunity did "not sway the Court to break step with the Eleventh Circuit" because it "would undercut the protection immunity was meant to afford" to officials. (*Id*. at pp. 4-5) (citations omitted). Therefore, on this score, the timing of when Plaintiff filed his response did not affect the Court's reasoning in granting the Judicial Defendants' Motion for Protective Order and Motion to Stay Discovery.

Even if the Court were to consider Plaintiff's response to the Judicial Defendants' motion as timely (which, again, the timing of which did not impact the Court's ruling in its May 30, 2025 Order), Plaintiff's motion for reconsideration fails to show a valid reason that the extraordinary remedy of reconsideration is appropriate in this instance. Rather than addressing a clear error of fact or law justifying reconsideration of the Court's May 30, 2025 Order, Plaintiff attempts to litigate a moot point regarding the timeliness of his response. He does not identify an intervening change in controlling law, refer to the discovery or availability

of new evidence, or otherwise convince the Court that there is a need to correct clear error or a manifest injustice. *See Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F. Supp. 3d 1376, 1384 (S.D. Ga. 2015) (explaining that court orders are not intended as first drafts subject to revisions at a litigant's pleasure and, as a result, a movant must establish extraordinary circumstances supporting reconsideration) (citation omitted). Simply put, Plaintiff's arguments to justify the timeliness of his response are unavailing and fail to set forth facts or law of a strongly convincing nature to induce this Court to reverse its prior decision made in the May 30, 2025 Order.[3] In the end, Plaintiff merely disagrees with the Court's decision, and this is not a proper basis to move for reconsideration.

### IV.  CONCLUSION

Accordingly, upon due consideration, Plaintiff's Motion for Reconsideration of Order Staying Discovery (Doc. 53) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on June 12, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] What's more, despite the Court having cautioned him previously about abiding by the Local Rules, Plaintiff's motion for reconsideration fails to comply with Local Rule 3.01(g). In particular, in its May 30, 2025 Order, the Court cautioned Plaintiff that "he must abide by the applicable Local Rules" and "[f]ailure to do so in the future may result in the striking of filings and/or imposition of sanctions." (Doc. 52 at p. 1 n.1). Plaintiff is once again cautioned that future filings that do not comply with this Local Rule or any other Local Rule may result in the striking of filings and/or imposition of sanctions.